Filed 7/12/22  P. v. Sansalone CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C094994 |
| Plaintiff and Respondent, | (Super. Ct. No. 21F0287, 20F7790) |
| v. | |
| ROBERTO SIMONE SANSALONE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Roberto Simone Sansalone filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

# I. BACKGROUND

Defendant was a passenger in a car that was found by law enforcement to contain 155.6 grams of heroin and 66.8 grams of methamphetamine. On December 2, 2020, defendant pled no contest to sale or transportation of heroin (Health & Saf. Code, § 11352, subd. (a)), sale or transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and admitted a prior strike. The plea included a sentence of eight years, comprised of the middle term of four years for the heroin charge, doubled for the prior strike, and presentence release on own recognizance under a *Cruz*[1] waiver. He also agreed he would serve 12 years if he did not appear for sentencing. This was a package deal plea along with his codefendant, the driver of the car.

Defendant did not appear for sentencing on the prior case so additional charges were filed in a new case related to his failure to appear.

On February 17, 2021, the trial court granted defendant's *Marsden*[2] motion and appointed him new counsel.

On July 12, 2021, the trial court denied defendant's motion to withdraw his plea in the prior case.

On August 12, 2021, defendant agreed to withdraw his challenge to the violation of his *Cruz* waiver in exchange for dismissal of the second case. On the same day, the trial court sentenced defendant to the previously agreed to sentence of 12 years, based on five years (upper term) for the heroin conviction and one year (one-third the midterm) for the methamphetamine conviction, both doubled for the prior strike.

Defendant appealed and did not request a certificate of probable cause.

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.


/S/

_____
RENNER, J.



We concur:


/S/

_____
ROBIE, Acting P. J.


/S/

_____
MAURO, J.


3